UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| TROY ROARK | ) | |
| Plaintiff | ) | Civil Action No. 6: 08-CV-343-GFVT |
| VS. | ) | |
| HOWARD SMITH | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Troy Roark ("Roark"), a resident of Williamsburg, Kentucky, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 2.] The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). As Roark is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

**I.**

In his Complaint, Roark alleges that in September 2007 Defendant Howard Smith ("Smith") orally agreed with his wife to permit her to reside at 349 Jody Lane in Williamsburg,

Kentucky for the remainder of her life. However, on September 22, 2008, Smith served Roark with a notice of eviction. Roark further alleges that the next day Smith placed a sign in front of the couple's residence which stated "KEEP OUT NO MORE DRUGS U R ON VIDEO." Smith refused Roark's repeated demands to remove the sign. Roark sought assistance or intervention from a number of city and county officials without success.

Roark then moved his mobile home to 269 Jody Lane in Williamsburg, Kentucky, a vacant lot he owns one-tenth of a mile away from his prior address. Roark alleges that Smith then built a fence which prevents access to his property. Roark further alleges that Smith terminated septic service to the property, and permitted five horses to wander freely around his property, causing damage. Roark finally alleges that Whitley County paved Jody Lane during Summer 2008, but that Smith is now claiming that road as his own property.

Roark alleges Smith's conduct violates his right to due process under the Fourteenth Amendment of the United States Constitution, Section I of the Kentucky Constitution, and unidentified provisions of KRS Chapter 344. Roark has attached to the Complaint a copy of a complaint for forcible detainer under KRS 383.200 dated October 23, 2008, which indicates that a hearing on the detainer will be held before the Whitley District Court on November 18, 2008.

## II.

The Court must dismiss Roark's Complaint, without prejudice, for three reasons. First, with respect to Roark's claims against Smith under the Due Process Clause of the Fourteenth Amendment, claims which seek to vindicate federal constitutional rights can only be asserted under the federal civil rights statute, 42 U.S.C. § 1983. That statute permits an individual to file suit for damages and injunctive relief against someone who, acting "under color of state law," violates the plaintiff's federal civil rights. The Constitution itself prevents *the*

*government* from taking certain actions against individuals -- it does not generally prevent individuals, acting purely as private citizens, from taking such actions against others. Therefore, a claim can only be asserted under Section 1983 against a person who is acting on behalf of the state or local government. Unless an individual's conduct is undertaken clothed with the authority of the state, he cannot be said to have acted "under color of state law." The Supreme Court has repeatedly adhered to the principle that purely private conduct, no matter how discriminatory or wrongful, is not actionable under the civil rights laws. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999). Because Smith was acting purely as a private citizen, he did not act "under color of state law," and no claim under Section 1983 stands. *Luria Bros. & Co., Inc. v. Allen*, 672 F.2d 347, 354 (3d Cir. 1982) (private landlord's use of state eviction procedures did not constitute state action such that landlord could be liable to the sublessee under civil rights laws); *Lavoie v. Bigwood*, 457 F.2d 7, 9-10 (1st Cir 1972) (same).

Second, with respect to Roark's claims under the Kentucky constitution and state law, the Court lacks jurisdiction to entertain the claims. Federal courts may exercise jurisdiction over two types of cases: those involving "federal questions" and those involving a "diversity of citizenship." Under the former, the Court may exercise jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the latter, the Court possesses jurisdiction over actions involving citizens of different states and in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

The Court has determined above that Roark's federal constitutional claims fail to state a claim. Roark's claims arising under Kentucky law do not present a federal question under Section 1331, and there is not a diversity of citizenship between the plaintiff and defendant in this case to permit jurisdiction under Section 1332. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*,

176 F.3d 904, 907 (6th Cir. 1999) ("Diversity of citizenship ... exists only when no plaintiff and no defendant are citizens of the same state."). The Court therefore lacks jurisdiction to decide Roark's claims under the Kentucky Constitution and KRS Chapter 344.

Finally, even were jurisdiction otherwise present in this case, the Court would be compelled to abstain from exercising that jurisdiction under the doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). The matters presented in Roark's Complaint are inextricably intertwined with the eviction proceedings to be brought before the Whitley District Court at the November 18, 2008 hearing for a forcible detainer. Due respect for the jurisdiction of the state court requires this Court to decline to exercise subject matter jurisdiction in deference to the ongoing state proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

### III.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff Troy Roark's Complaint [R. 2] is **DISMISSED WITHOUT PREJUDICE.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

This the 6th day of November.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge